UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

December 20, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Victor F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-0359-BAH

Dear Counsel:

On February 10, 2022, Plaintiff Victor F. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment,[1] and Plaintiff's reply. ECFs 4, 12, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND to the Social Security Administration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 29, 2018,[2] and a Title XVI application for Supplemental Security Income ("SSI") benefits on June 26, 2020, alleging a disability onset of January 2, 2018. Tr. 31, 229–41, 250–59. Plaintiff's claims were denied initially and on reconsideration. Tr. 124–28, 133–38. On August 3, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 49–91. Following the hearing, on February 4, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social

---

[1] The Court acknowledges Standing Order 2022-04, which amends the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because the motions in this case were filed prior to the effective date of the Standing Order, the Court will refer to them as motions for summary judgment.

[2] The ALJ states that Plaintiff filed his application for DIB on July 29, 2018. Tr. 31. An early disability determination also lists July 29, 2018, as the date of application. Tr. 107. However, the applications themselves indicate that Plaintiff filed on September 12, 2018. Tr. 229, 239.

*Victor F. v. Kijakazi*
Civil No. 22-0359-BAH
December 20, 2022
Page 2

Security Act[3] during the relevant time frame. Tr. 28–48. The Appeals Council denied Plaintiff's request for review, Tr. 17–22, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 2, 2018, the alleged onset date." Tr. 34. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus, dysfunction of major joints - the left shoulder, carpal tunnel syndrome (CTS), lumbar degenerative disc disease, and obesity." Tr. 34. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "obstructive sleep apnea, hypertension, and hyperlipidemia." Tr. 34. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 34. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to stand/walk up to four hours in an 8-hour workday. He is able to sit up to six hours in an 8-hour workday. He is able to adjust position every 45 minutes while remaining at or near the workstation or work area. He can occasionally climb ramps or stairs and never climb ladders, ropes or scaffolds. He can frequently able to balance or kneel and occasionally stoop, crouch, or crawl. He is limited to occasional use of the left upper extremity for overhead reaching. He is limited to frequent use of either upper extremity for fine fingering or grasping/handling of small objects. He is limited to frequent use of either lower extremity for pushing/pulling or operation of foot controls. He is to avoid work at unprotected heights and concentrated exposure to extreme cold or vibration.

Tr. 35. The ALJ determined that Plaintiff was not able to perform past relevant work as a

---

[3] 42 U.S.C. §§ 301 et seq.

*Victor F. v. Kijakazi*
Civil No. 22-0359-BAH
December 20, 2022
Page 3

"carpenter (DOT[4] #860.381-022, SVP 7)" and a "lead installer (DOT #739.684-082, SVP 5)" but could perform other jobs that existed in significant numbers in the national economy.  Tr. 40–42.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 42.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence.").  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Laws*, 368 F.2d at 642.  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises three arguments on appeal, specifically that the ALJ erroneously: (1) "mischaracterize[ed] . . . Plaintiff's reported activities of daily living," ECF 12-1, at 19[5]; (2) "analy[zed] Dr. Quainoo's medical opinion by failing to adequately articulate the factors of supportability and consistency," *id.* at 20; and (3) "failed to discuss important factors relevant to Plaintiff's treatment history" of carpal tunnel syndrome, rendering the analysis unsupported by

---

[4] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[5] Page numbers cited refer to the ECF-generated page numbers at the top of the page.

*Victor F. v. Kijakazi*
Civil No. 22-0359-BAH
December 20, 2022
Page 4

substantial evidence, *id.* at 24. Defendant counters that the ALJ did properly consider Plaintiff's activities of daily living and that Plaintiff's erroneously relies on *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020) on this point. ECF 13-1, at 6. Defendant further argues that the ALJ properly considered Dr. Quainoo's medical opinion under the regulations and that the ALJ properly evaluated Plaintiff's carpal tunnel syndrome and included limitations addressing this impairment in the RFC. *Id.* at 9–18.

I begin with Plaintiff's second argument because I find it dispositive. "For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). An ALJ is required to "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." *Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). Therefore, the ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the ALJ's] . . . decision." *Id.* "Supportability generally refers to 'the objective medical evidence and supporting explanations presented by a medical source.'" *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). Regarding consistency, the ALJ looks to the degree of consistency between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); *see also* 20 C.F.R. § 416.920c(c)(2).

Here, the ALJ considered two medical opinions of Dr. Quainoo, one dated March 27, 2019 (Ex. 8F), before Dr. Quainoo had a treating relationship with Plaintiff, and another dated June 1, 2020 (Ex. 17F), after having treated Plaintiff for about a year. Tr. 40. In evaluating these medical opinions, the ALJ found the first opinion "persuasive to the extent that it is consistent with the medical evidence of record and file as a whole, and notes no range of motion restrictions or strength limitations." Tr. 40. As for the second, the ALJ summarized Dr. Quainoo's findings as:

> [T]he claimant could sit for 30 minutes and stand/walk for 15 minutes at one time and can sit for four hours and stand/walk for two hours in an 8-hour workday. He also opined that the claimant would be required to have unscheduled breaks every two hours which lasted for one hour, and that he could occasionally lift and carry up to 20 pounds. Further, he opined that the claimant can occasionally balance, and never stoop, kneel, or crouch, and that he had 20 percent use of his right hands, and 10 percent use of his left hand and bilateral fingers and arms. Moreover, he opined that the claimant would be absent from work three or four times a month (Ex. 17F).

Tr. 40.[6] In terms of consistency, the ALJ compared the 2020 medical opinion only with the 2019 medical opinion, not with any other "evidence from other medical sources and nonmedical sources

---

[6] Dr. Quainoo also found that Plaintiff's symptoms would "constantly" "interfere with attention and concentration required to complete simple tasks," that Plaintiff would have to lie down every

in the claim." 20 C.F.R. § 404.1520c(c)(2); *see also* 20 C.F.R. § 416.920c(c)(2). This may be sufficient to meet the requirements of the regulations had the ALJ analyzed how the 2019 opinion was consistent with other evidence in the record. But the ALJ did not do so here. Instead, the ALJ found the 2019 opinion persuasive at least partly because it "notes no range of motion restrictions" without citing to any evidence in the record consistent with that finding. Tr. 40. Yet the ALJ found that Plaintiff *did* warrant a range of motion restriction in the RFC and limited Plaintiff to "occasional use of the left upper extremity for overhead reaching." Tr. 35; *see also* Tr. 37 ("In March 2020, a physical examination revealed that [Plaintiff's] left shoulder had a reduced range of motion and positive apprehension test.").

Then, the ALJ rejected the 2020 medical opinion as inconsistent with the 2019 opinion. It is unclear to the undersigned how any inconsistency between the earlier and later medical opinions of Dr. Quainoo can serve as a basis for rejecting the later opinion when the ALJ's own RFC is not consistent with the earlier opinion. As Plaintiff correctly asserts, while the ALJ noted the inconsistency between the later opinion, which described limitations extending back as far as December 2017, and the earlier opinion, which noted no such limitations, "the ALJ includes no explanation for why Dr. Quainoo's statements pertaining to the period beginning April 16, 2019, the date Dr. Quainoo began treating Plaintiff, should also be afforded little persuasive value. As noted above, Dr. Quainoo's treatment records since April 2019 consistently documented significant findings." ECF 12-1, at 23.

It is impossible for the Court determine whether the ALJ's conclusion is supported by substantial evidence without a more fulsome discussion of the medical opinions' consistency with other evidence in the record. To be sure, Defendant provides in its briefing a level of analysis that may explain why the ALJ chose to reject Dr. Quainoo's assessment in favor of a more robust RFC. ECF 13-1, at 12–13. However, the ALJ did not provide this level of analysis in the ALJ's findings and thus, I find that remand is the appropriate disposition.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's erroneous mischaracterization of Plaintiff's activities of daily living or the ALJ's evaluation of Plaintiff's CTS. ECF 12-1, at 19–20, 24–26. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

V. **<u>CONCLUSION</u>**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED and Defendant's motion for summary judgment, ECF 13, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The

---

4 hours during the workday, that Plaintiff would have to elevate his legs above waist level every 4 hours, that Plaintiff could walk "less than half a block" "without rest or significant pain," and that Plaintiff would need a job that allowed changing positions at will from standing, sitting, or walking. Tr. 775.

*Victor F. v. Kijakazi*
Civil No. 22-0359-BAH
December 20, 2022
Page 6

clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                                                  Sincerely,

                                                      /s/

                                                  Brendan A. Hurson
                                                  United States Magistrate Judge